IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SANDRA P. COLBORN AND
CLAYTON E. COLBORN,                                                                    PLAINTIFFS

VS.                                                                    CIVIL ACTION NO. 2:10cv59-P-S

HARDEE'S FOOD SYSTEMS, INC. AND
JOHN DOES 1-10,                                                                        DEFENDANTS

## ORDER

This matter comes before the court upon the motion of the Plaintiffs for permission to communicate ex parte with unrepresented former employees of the defendant Hardee's Food System.

This is a personal injury action resulting from a slip and fall in the ladies room at Hardee's restaurant in Batesville, MS on October 10, 2008. At the time of the accident, Etta Gordon, Eddie Lloyd and Vatesha Sanford were all employed at this location, but are no longer Hardee's employees. None of these individuals are parties to the suit, nor are they represented by counsel.

      Rule 4.2 of the Mississippi Rules of Professional Conduct provides: In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has consent of the other lawyer or is authorized by law to do so.

      The Comment to Rule 4.2 in pertinent part provides: "In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.

Compare Rule 3.4(f)." MRPC 4.2, cmt.

Neither the text of Rule 4.2 of the Mississippi Rules of Professional Conduct, nor the official comment references former employees. However, the Mississippi Bar Association's Formal Opinion No. 215 (March 4, 1994) offers the following insight:

> In representing a client, a lawyer may ethically communicate, ex-parte, with an unrepresented individual that was formerly employed by a represented party. Neither the text nor Rule 4.2 prohibits such contacts; however, other professional rules of conduct proscribe attorney's conduct in dealing with unrepresented individuals.

The Southern District of Mississippi, in a similar case *Durham v Avance Stores Co., Inc.*, No. 3:04cv199HTW-LRA, 2007 WL 2903206, held that counsel may have ex parte contact with former employees of a corporate party, specifically stating, "three arguments readily come to mind why counsel may conduct ex parte interviews of the former employees of an adverse corporate party: first, the language of Rule 4.2 does not cover former employees; secondly, no current attorney-client relationship exists; and thirdly, former employee's statements cannot bind the corporation and are not excluded from the hearsay rule as admissions."

The court finds this reasoning persuasive with regard to former employees Lloyd and Sanford and that ex parte contact with those former employees should be granted. However, because Ms. Gordon, the employee responsible for mopping the women's bathroom, is a person whose acts or omissions in mopping and placing the wet floor signs could be imputed to Hardee's, ex parte contact should not be granted.

IT IS, THEREFORE, ORDERED that the plaintiffs' motion for ex parte contact with former employees is granted in part and denied in part. Plaintiffs' request to have ex parte contact with Mr. Lloyd and Ms. Sanford is granted. Plaintiffs' motion for ex parte contact with

Ms. Gordon is denied, and Hardees is to make Ms. Gordon available for an informal interview or formal deposition with counsel for both parties present.

This, the 27th day of October 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE